IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE PIERRE,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSAL PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br><br>               Defendant. | CIVIL ACTION<br>No. 20-6537 |

## MEMORANDUM OPINION

**SCHMEHL, J.**  /s/ **JLS**　　　　　　　　　　　　　　　　　　　　　　　**March 28, 2022**

      Defendant's Motion for Summary Judgment presents whether the plaintiff was "residing" at the insured home when a fire occurred. Insurance coverage issues are predominantly for the Court to decide, but the circumstances of this case along and case law renders this a factual issue for the jury to decide.

**I.**    **Factual Background**

      Plaintiff Marie Pierre was the named insurer on the parties' insurance agreement, which provided insurance coverage for a home in Reading, Pennsylvania. On July 3rd, 2019, the home and contents within suffered from a fire. Plaintiff reported the loss to defendant, but defendant denied coverage because they determined that plaintiff was not "residing" at the home at the time of the loss. The agreement provides insurance coverage to the "residence premises" which means, in part, "[t]he one-family dwelling where you reside . . . ."

      All evidence as to whether plaintiff was "residing" at the home in question is from plaintiff's deposition. Plaintiff was paying the insurance premium, paid for the utilities but

"sometimes" her daughter paid, paid for the internet and cable, she had furniture and clothes at the insured property, received mail there, had a television in "her room," and she was there within a week before the fire. She also stated that she "always there" and "both houses are my residence."

On the other hand, plaintiff "moved out" of the insured property months before the fire. When asked if she was living at the insured property at the time of the fire she replied, "No. I was living at [] my house," referring to a different property that she called her "primary residen[ce]." Her daughter, son, six grandchildren, and nephew were living at the insured property at the time of the fire. She also had furniture, a television, internet, and was receiving mail at the other property. Lastly, she stated that the insured property was a "family home, and the [other property] is another home."

## II.     Standard of Review

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, the court must consider the "underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted). If the movant carries its initial burden of showing the basis of its motion, the burden shifts to the non-moving party to go beyond the pleadings and point to "specific facts showing that a genuine issue exists for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In other words, the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the

existence of a genuine issue." *Podobnik v. US. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (citation and internal quotation marks omitted). Summary judgment must be granted against a non-moving party who fails to sufficiently "establish the existence of an essential element of its case on which it bears the burden of proof at trial." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

### III.     Analysis

Under Pennsylvania law, "interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court." *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553, 558 (3d Cir. 2008) (citations omitted). The Court is to give effect to plain and unambiguous language of an insurance agreement. *Id.* "Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Id.* If the language of the insurance agreement is ambiguous, the policy should be "construed in favor of the insured and against the insurer, the drafter of the agreement." *Id.*

Plaintiff claims that the agreement's lack of "words of refinement" renders the term "reside" ambiguous. Plaintiff does not offer a definition, she does not plead that she was confused in any way, and her claim of ambiguity runs contrary to ample case law. *See St. Paul Fire and Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1432 (3d Cir. 1991) ("Perhaps we would not have been able to conclude that this term is unambiguous if the defendants had offered an alternative definition that is plausible . . . .").

Nothing is ambiguous about the provision or term that plaintiff must be "residing" at the insured property at the time of a loss to receive insurance coverage. Pennsylvania courts have rejected such claims of ambiguity and have defined the term.

3

The term residence refers to one's "factual place of abode evidenced by a person's physical presence in a particular place." *Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 964-65 (Pa. Super. 2007). To reside "requires, at a minimum, some measure of permanency or habitual repetition." *Id.* at 965. Factors such as "where a person sleeps, takes meals, receives mail, and stores personal possessions" should be considered. *Mu'min v. Allstate Prop. & Ins. Co.*, 2011 WL 3664301, at *9-10 (E.D. Pa. Aug. 17, 2011) Given that this issue is one of physical fact, the insured's intentions are "irrelevant" and their "own identification of the place she calls 'home' or 'residence' is not determinative." *Allstate Ins. Co. v. Naskidashvili*, 2009 WL 399793, at *6-8 (E.D. Pa. Feb. 16, 2009); *see also Gardner*, 544 F.3d at 560 ("when a person actually lives in one location, and sporadically visits, or keeps certain personal items at, another location, it is the location where he lives that is his residence"); *Geico Cas. Co. v. Alicea*, 416 F. Supp. 3d 425, 432 (W.D. Pa. 2019) (approving an insured having "dual residency").

Defendant analogizes *Mu'min* to the case at bar. In *Mu'min*, the plaintiff slept at the insured property "two nights a week . . . it wasn't no regular thing," acknowledged that it was not his "primary residence," his driver's license did not list the insured property, he did not identify the insured property as his during bankruptcy proceedings, he was not paying utilities, and he confirmed that he did not keep any possession there. 2011 WL 3664301, at *10-13. The court held that "the record is devoid of any evidence that Plaintiff used the Property as a residence, as defined under Pennsylvania law. *Id.* at *13. *But see Naskidashvili*, 2009 WL 399793, at *4 (finding a triable issue of fact where plaintiff "did not stay at any other locations during her visits to the United States, and she slept and took her meals at the [home]. On the other hand, there is evidence that her visit was just that-a temporary visit with no 'measure of permanency.' There are no indications that [plaintiff] took any other steps to hold out the [home] as her residence—

4

she did not receive mail there, use the address as her own on any kind of documentation, or try to have her pension transferred there.").

This record contains substantial conflicting evidence as to whether plaintiff was residing at the insured property at the time of the fire. She admitted that she "moved out" before the fire and was "primarily" residing at a different home. She said the insured property was a "family home" where her daughter, son, grandchildren, and nephew lived, and she was "always" there. She had furniture, a television, internet, and received mail at both properties. She was paying the insurance premium for the insured property. Her and her daughter shared paying utilities at the insured property. And she still had her "own room" at the insured property.

While insurance coverage issues are typically issues for the Court; Rule 56 and case law dictate that defendants are not entitled to judgment as a matter of law. Taking all reasonable inferences in plaintiff's favor, the Court finds that a reasonable jury could find for either party as to whether plaintiff was residing at the insured property. Plaintiff paid for the insurance, utilities, had a television, furniture and clothes, had her "own room," and was "always" at the insured property. This evidence is sufficient for plaintiff's claim to survive defendant's summary judgment, and whether plaintiff was residing at the insured property is a question or the jury to decide in this case.

**IV.   Conclusion**

For the above reasons, defendant's Motion for Summary Judgment is denied as this issue presents a factual dispute for the jury to decide.